GARY HOWARD KIDGELL, IN PRO PER
30 Buckingham Drive, #315
Santa Clara, CA 95051
Telephone: (408) 246-2981

Plaintiff: GARY HOWARD KIDGELL, IN PRO PER

FILED

2008 JUN 30 A 10: 04

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY HOWARD KIDGELL,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SANTA CLARA;<br>COUNTY OF SANTA CLARA<br>SHERIFF'S DEPT.; UNKNOWN<br>DEPUTY SHERIFF SERGEANT;<br>UNKNOWN DEPUTY SHERIFFS<br>DEPARTMENT CORRECTION<br>OFFICERS; AND DOES 1 through 50,<br><br>Defendants. | Case No.: C 08-01965-JW-RS<br><br>AMENDED COMPLAINT FOR<br>BATTERY, EXCESSIVE FORCE,<br>PUBLIC ENTITY AND EMPLOYEE<br>LIABILITY, CIVIL RIGHTS<br>VIOLATIONS, UNRUH ACT<br>VIOLATIONS, DAMAGES |

PLAINTIFF GARY KIDGELL IN PRO PER ALLEGES:

## JURISDICTIONAL ALLEGATIONS

1. Plaintiff is and was at all times mentioned herein a citizen of Santa Clara, California.

2. The County of Santa Clara, the Santa Clara County Sheriff's Department and Doe Defendants 1 through 50 are government entities or employees of government entities doing business in Santa Clara County, California.

3. Plaintiff is ignorant of the true names and capacities of those sued herein as Does 1 through 50 and therefore sues the defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

4. Defendants at all times mentioned herein were the employers or representatives, agents and employees of their Co-Defendants and in doing the things alleged were acting within the course and scope of the representation and agency and with the permission and consent of their Co-Defendants, thereafter ratified their acts and conduct.

5. The Individual Defendants, both as agents for the Employer defendants and in their individual capacities, engaged in conduct that was malicious, with the intent to cause injury, despicable and done with a willful and knowing disregard for the rights and safety of Plaintiff and were aware of the probable dangerous consequences of their conduct and deliberately failed to avoid those consequences.

6. The Individual Defendants, both in their capacity as agents for their Employer Defendants and in their individual capacities, acted with oppression in that their conduct was despicable and subjected Plaintiff to cruel and unjust hardship in knowing disregard of his rights. Defendant's conduct was despicable, so vile, base and contemptible that it may be looked down on and despised by reasonable people.

7. The Individual Defendants were managing agents of their employers and exercised substantial independent authority on judgment in performing the acts alleged. The Employer Defendants knew of their agents' wrongful conduct and adopted and approved and ratified it both before and after the conduct occurred.

## DAMAGES ALLEGATIONS

8. Plaintiff hereby re-alleges and incorporates by reference herein as if fully set forth. Paragraphs 1 through 7 of this Complaint.

9. As a proximate result of the acts of Defendants herein alleged, Plaintiff was compelled to secure the services of an attorney for which Plaintiff was, and will become required to expend money to his damage.

10. As a further proximate result of the acts of Defendants as alleged, Plaintiff was required to and did employ physicians and other medical treaters for medical examination, treatment and care and did incur medical and incidental expenses.

11. As a proximate result of the acts of Defendants, Plaintiff was injured in his health, strength and activity, sustaining injury to his body and shock and injury to his nervous system and person, and, among others, sustained emotional and physical distress, highly unpleasant emotional reactions, including fright, shock, nervousness, anxiety, worry, horror, grief, mortification, humiliation, embarrassment, indignity, apprehension, fear and terror, all of which injuries have caused Plaintiff to suffer extreme and severe physical pain and mental anguish. These injuries will result in some permanent disability to Plaintiff, all to his general damages in a sum unknown at this time.

## FACTUAL ALLEGATIONS

12. Plaintiff hereby re-alleges and incorporates by reference herein as if fully set forth, Paragraphs 1 through 11 of this Complaint.

13. On or around 10:30 p.m., on New Year's Even, December 31, 2007, Kidgell, his wife, and a friend, met at a pub named Molly McGee's located at 2410 Castro Street in Mountain View, California, to welcome the New Year. Kidgell had no more than four rum and Coca-Cola drinks while at Molly McGee's.

14. The three of them visited, danced and enjoyed the evening until approximately 1:30 p.m. Then Kidgell and his wife left to walk north on the east side of Castro Street to the train station to go home.

15. Kidgell was boisterous on Castro Street outside Molly McGee's and attracted the attention of a Mountain View Police Officer who arrested him on suspicion of being intoxicated in a public place, a violation of Penal Code 647f. No blood-alcohol test was ever performed on Kidgell.

16. Kidgell was handcuffed and placed in the back of a City of Mountain View Police Department transport vehicle and taken to the City of Mountain View Police Department where two other recent arrestees were placed in the vehicle with him. The City of Mountain View

1  police transport vehicle then took the three of them to Santa Clara County jail at 180 W. Hedding
2  Street in San Jose, California.
3       17. Kidgell was taken out of the City of Mountain View Police Department transport
4  vehicle at the Santa Clara County Main Jail Processing Center on Hedding Street in the City of
5  San Jose, California. Inside the processing center Kidgell was handcuffed to one of several steel
6  chairs in the middle of the processing center. The chairs are attached by bolts to the floor and
7  have steel armrests with handcuffs attached to the armrests. Each of Kidgell's wrists were
8  handcuffed to the steel chair by the armrest handcuffs.
9       18. After approximately 5 minutes, Kidgell was taken to a pre-booking desk, and then
10  placed back to a steel chair and re-handcuffed as before. Kidgell then sat in the steel chair for
11  approximately two hours.
12       19. Kidgell was angry at what he considered an unjust arrest and incarceration and spoke
13  loudly and critically to nearby deputy sheriffs who were on duty. Kidgell then stopped speaking
14  to the deputies and sat quietly.
15       20. After Kidgell had been sitting quietly for approximately 20 to 30 minutes, a Sergeant
16  and two other deputies approached him and the Sergeant said to Kidgell that they were "going to
17  show him what a move is."
18       21. The two deputies un-handcuffed Kidgell from the steel chair and pulled him to his
19  feet. Then, each deputy took one of his arms, placed each upper arm in a horizontal position
20  straight out from his shoulder and parallel to the floor, and placed each of his forearms in a
21  vertical position, straight up and in the same plane as were his upper arms.
22       22. The two deputies then held each of Kidgell's arms braced in the above-described
23  position and pushed his hands down and backward, palms upward, so that each of his wrists were
24  bent backward at more than their normal range of motion. The angle between the back of
25  Kidgell's hand and his forearm was less than 90 degrees. Kidgell asked the deputies to "please
26  don't break my wrists." In response, the deputies increased the downward pressure on each of
27  his hands.
28

PLAINTIFF'S AMENDED COMPLAINT

23. The two deputies then, while holding Kidgell's arms and hands in the above described position, walked him from the steel chair he was sitting in to another steel chair approximately 7 to 10 feet away. When Kidgell asked the deputies and the Sergeant why they had moved him, they laughed and did not answer.

24. As a result of the above described treatment, Kidgell suffered a radial styloid fracture of the right wrist and serious left wrist sprain.

## FIRST CAUSE OF ACTION FOR BATTERY BY PEACE OFFICER

25. Plaintiff hereby re-alleges and incorporates by reference herein as though fully set forth, paragraphs 1 through 24 of this Complaint.

26. Defendants committed a battery of Plaintiff by touching Plaintiff or causing Plaintiff to be touched with the intent to harm or offend him. Plaintiff did not consent to the touching.

27. Defendants' use of force against plaintiff was unreasonable under California Penal Code §835a; causing an injury by a public employee under Government Code §815.2; an intentional tort under Government Code §815.3.

28. Plaintiff was harmed and offended by Defendants' conduct. A reasonable person in Plaintiff's situation would have been offended.

## SECOND CAUSE OF ACTION FOR VIOLATION OF CIVIL RIGHTS

29. Plaintiff hereby re-alleges and incorporates by reference herein, as if fully set forth, Paragraphs 1 through 28 of this Complaint.

30. Plaintiff alleges that Defendants violated his Civil Rights stated in 42 USC section 1983, as follows:

31. Defendants, acting or purporting to act in the performance of their official duties, deprived Plaintiff of his Civil Rights under the Fourth Amendment of the United States and California Constitutions to be free of unreasonable search and seizure.

32. Defendants, acting or purporting to act in the performance of their official duties, deprived Plaintiff of his Civil Right to be free of unreasonable search and seizure as a result of the official policy and/or custom of the Employer Defendants.

33. Defendants, acting or purporting to act in the performance of their official duties, acted with deliberate indifference to the need to train its officers/employees adequately and having training programs adequate to train its officers/employees to properly handle usual and recurring situations.

34. Plaintiff was harmed and Defendants' conduct was a substantial factor in causing Plaintiff's harm.

### THIRD CAUSE OF ACTION
### FOR VIOLATION OF CALIFORNIA CIVIL CODE §52.1
### AGAINST ALL DEFENDANTS

35. Plaintiff hereby re-alleges and incorporates by reference herein as though fully set forth, paragraphs 1 through 34 of this complaint.

36. All Defendants, while acting under California law, interfered and attempted to interfere, with Plaintiff's right to be free or unreasonable search and seizure, by threats, intimidation, coercion, and attempted to interfere by threats, intimidation or coercion with Plaintiff's exercise or enjoyment of rights secured by the Constitution of the United States and rights secured by the Constitution and laws of the State of California.

37. All Defendants aided, incited, and conspired in the denial of Plaintiff's civil rights and are liable for all actual damages suffered by Plaintiff, and in addition, the damages provided by law and statute.

WHEREFORE, Plaintiff prays for judgment against the County of Santa Clara and individual defendants whose names are unknown as follows:

1. For all medical and incidental expenses, past and future, according to proof;
2. For all lost income, past and future, according to proof;
3. For pain and suffering and general damages according to proof;
4. For attorney's fees;

PLAINTIFF'S AMENDED COMPLAINT

5. For all damages to which Plaintiff is entitled under section 52.1 of the California Code of Civil Procedure, and 42 U.S.C. 1983;

6. For all costs of suit herein; and

7. For such other and further relief as the Court may deem proper.

Dated:

                                     _____
                                     Gary Kidgell, Plaintiff in Pro Per